[No. 1391.    August 21, 1911.]

TERRITORY OF NEW MEXICO, ex rel. THE CHILDREN'S HOME SOCIETY, a Corporation, Appellee, v. WILLIAM. G. SARGENT, Territorial Auditor, Appellant.

### SYLLABUS.

1. Laws 1909, Chapter 127, sec. 2, provides an appropriation of $5,000 to the Children's Home Society, "for the purpose of providing a receiving home which shall be constructed, or obtained through the supervision of said society and shall not be considered an appropriation for maintenance. And it is hereby specially understood that the said society shall at no time in the future call upon the Territory for any further appropriation of any kind or character. Laws 1909, Chapter 127, sec. 11, provides: "Whenever any subsequent legislature shall fail to pass an appropriation act, the same appropriation made for the 61st and 62nd fiscal years are hereby extended for each and every fiscal year thereafter, unless otherwise provided by law." Held, that the appropriation in question was not a continuing one; that it was for a definite purpose and not for maintenance.

Appeal from the District Court for Santa Fe County. before JOHN R. McFIE, Associate Justice. Reversed and remanded with direction to set aside the peremptory writ.

FRANK W. CLANCY, Attorney General, for Appellant.

All public grants made to individuals or private corporations are to be strictly and not liberally construed. Laws 1909, ch. 127, secs. 2, 11.

MANN & VENABLE and M. E. HICKEY for Appellee.

The appropriation was a continuing one. Laws 1909, ch. 127, secs. 2, 11.

### STATEMENT OF FACTS.

The relator in this cause is a private corporation, organized for benevolent and charitable purposes. The Thirty-Sixth legislative assembly made a donation to this corporation in the following language: "And for the Children's Home Society, a corporation, incorporated under the laws of New Mexico, for the purpose of the care of dependent and destitute children, payable to the proper officers thereof, the sum of $5,000.00. Provided, that it is hereby understood that the above appropriation hereby made is for the purpose of providing a receiving home which shall be constructed, or obtained through the supervision of said society and shall not be considered an appropriation for maintenance. And it is hereby specially understood that the said society shall at no time in the future call upon the territory for any further appropriation of any kind or character." Laws 1909, p. 351. The claim now made is that, on account of the failure to make any appropriation for fiscal years subsequent to the sixty-first and sixty-second, this appropriation becomes a continuing and permanent appropriation for each fiscal year thereafter, the legislative language upon which this claim is based being as follows: "Whenever any subsequent legislature shall fail to pass an appropriation act, the same appropriation made for the 61st and 62nd fiscal years are hereby extended for each and every fiscal year thereafter; unless otherwise provided by law. * * *" Laws 1909, p. 363. The society instituted this proceeding to obtain a mandamus to the Territorial Auditor to compel

him to cause a levy to be made sufficient to produce the revenue sufficient to meet this appropriation for the sixty-third fiscal year. The appellant answered the alternative writ, admitting that he refused to cause such levy to be made, denying that the appropriation continued for the sixty-third fiscal year, and asserting that the act of the legislature by its terms specifically excludes the appellee from having or asking any appropriation for the sixty-third fiscal year. The case was submitted upon the writ and answer and arguments of counsel, judgment was rendered in favor of the appellee, a peremptory writ of mandamus was issued, and the Attorney General of the Territory, who appeared on behalf of the appellant, took an appeal to this court.

## OPINION OF THE COURT.

WRIGHT, J.—(After stating the facts as above). From the foregoing statement of facts it is apparent that there is only one question to be considered: Do the provisions of section 11, c. 127, Session Laws of 1909, extend the grant made to the appellee in Section 2 of said act to the sixty-third fiscal year? Section 11 (quoted in statement of facts) in extending the appropriations extends all appropriations in such act, "unless otherwise provided by law." There was no session of the Territorial Legislature held in 1911, and hence no other provision for the appropriation for the sixty-third fiscal year, except as contained in Section 11, cited supra.

Is the appropriation in question a continuing one, or is it an appropriation for a definite purpose granted for the sixty-first fiscal year only? Is there any limitation upon the original grant? If so, it is contained in the proviso at the end of Section 2 (quoted in the statement of facts.) If there appears that the money was appropriated for a definite and specific purpose, namely, the construction or obtaining of a receiving home, and not for the maintenance thereof. Even if there were nothing further in the act from which the legislative intent could be ascertained, we think, under the well-known rules of strict construction applicable to public grants to private

individuals or corporations, that the legislative intent to make one definite and specific grant for a definite and specific purpose clearly appears, and that, when the original sum so granted was paid out, the grant was complete. We are still further strengthened in this view by the concluding sentence of Section 2: "And it is hereby specially understood that the said society shall at no time in the future call upon the territory for any further appropriation of any kind or character."

The judgment of the lower court is therefore reversed, and the cause remanded, with directions to set aside the peremptory writ of mandamus, and quash the alternative writ, and it is so ordered.